IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02583-PAB-MJW

COLORADO CIVIL RIGHTS COMMISSION,

 Plaintiff,

v.

1950 LOGAN CONDOMINIUMS CONDOMINIUM ASSOCIATION,
1950 LOGAN, LLC, and
ST. CHARLES TOWN COMPANY, LLC,

 Defendants.

# ORDER

  This matter is before the Court on a Motion for Leave to Amend Complaint [Docket No. 14] filed by plaintiff Colorado Civil Rights Commission.  This motion is fully briefed and ripe for disposition.

  On August 21, 2013, Plaintiff filed this case in the District Court for the City and County of Denver, Colorado.  Docket No. 1 at 1.  Plaintiff's First Amended Complaint asserted seven claims for relief pursuant to both the Colorado Fair Housing Act ("CFHA"), Colo. Rev. Stat. § 24-34-501 *et seq.*, and the federal Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3601 *et seq.*  Docket No. 1-1.  On September 20, 2013, defendants filed a Notice of Removal claiming this Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and over the state law claims pursuant to 28 U.S.C. § 1367(a).  Docket No. 1 at 1.

  Plaintiff seeks leave to amend its complaint to delete any claims arising under

federal law. Docket No. 14 at 4.[1]

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its complaint as a matter of course within twenty-one days after service of the complaint, or twenty-one days after service of a responsive pleading or service of a Rule 12 motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 instructs courts to "freely give leave [to amend] when justice so requires." *Id*. Nevertheless, denying leave to amend is justified if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). As a general rule, the Court retains the discretion to permit such amendments. *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006). The Court must delineate its rationale if it refuses leave to amend. *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

Defendants do not oppose plaintiff's request for leave to amend its complaint [Docket No. 15 at 1], and the Court finds no justification for denying plaintiff leave to amend. The request to amend was not unduly delayed. Plaintiff sought to amend its complaint within 30 days of defendants' notice of removal. Docket No. 14 at 5. The amendment removing federal claims from the case would not unfairly prejudice defendants because plaintiff's state and federal claims are substantially similar. *See*

---

[1]Plaintiff also moves for a remand of this case. Docket No. 14 at 8. Defendant opposes a remand. Docket No. 15 at 2. Both parties' arguments on the issue of a remand will be addressed in a separate order.

*Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) ("Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).  Similarly, the amendment would not be futile.  Bad faith with regard to a Rule 15 motion can be inferred if the proposed amendment directly contradicts allegations made in the original pleading, such that the original and amended factual accounts cannot be reconciled.  *See Ayon v. Gourley*, 185 F.3d 873, 1999 WL 516088, at *3 (10th Cir. June 25, 1999); *First Am. Mortg.*, *Inc. v. First Home Builders of Fla.*, No. 10-cv-00824-REB-MEH, 2010 WL 5230902, at *6 (D. Colo. Dec. 15, 2010) (discussing bad faith in conjunction with Rule 15 within the Tenth Circuit).  Here, the factual accounts in the First Amended Complaint [Docket No. 5] and proposed Second Amended Complaint [Docket No. 14-2] appear essentially identical.  Bad faith may also be inferred if a party seeks leave to amend for an improper purpose.  *See Ayon*, 1999 WL 516088, at *3 ("lightly veiled attempt to avoid the allegations . . . which are unfavorable to the plaintiff").  Plaintiff claims that it has always intended for this case to be a state enforcement action as a means of protecting Colorado citizens from alleged discriminatory practices.  Docket No. 14 at 6.  Accordingly, the Court will not infer bad faith.[2]  For the foregoing reasons, the Court grants plaintiff's motion for file an amended complaint.

    Accordingly, it is

---

[2]Defendants argue at length that plaintiff is engaging in impermissible forum shopping.  Because defendant raises these arguments in opposition to plaintiff's motion to remand, and not in the context of Rule 15, the Court will consider defendants' arguments in a separate order resolving plaintiff's motion to remand.

**ORDERED** that plaintiff's Motion to Amend [Docket No. 14] is **GRANTED** in part.

Plaintiff's Second Amended Complaint [Docket No. 14-2] is accepted for filing.

DATED December 30, 2013.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge