IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02583-PAB-MJW

COLORADO CIVIL RIGHTS COMMISSION,

Plaintiff,

v.

1950 LOGAN CONDOMINIUMS CONDOMINIUM ASSOCIATION,
1950 LOGAN, LLC, and
ST. CHARLES TOWN COMPANY, LLC,

Defendants.

---

**ORDER**

---

This matter is before the Court on a Motion to Remand [Docket No. 14] filed by plaintiff Colorado Civil Rights Commission.

On August 21, 2013, Plaintiff filed this case in the District Court for the City and County of Denver, Colorado. Docket No. 1 at 1. Plaintiff's First Amended Complaint asserted seven claims for relief pursuant to both the Colorado Fair Housing Act ("CFHA"), Colo. Rev. Stat. § 24-34-501 *et seq.*, and the federal Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3601 *et seq.* Docket No. 1-1. On September 20, 2013, defendants filed a Notice of Removal claiming this Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and over the state law claims pursuant to 28 U.S.C. § 1367(a). Docket No. 1 at 1.

On December 30, 2013 the Court granted plaintiff leave to amend its complaint [Docket No. 33], and the Second Amended Complaint was accepted for filing. *See*

Docket No. 34. Plaintiff argues that, because the Second Amended Complaint contains no claims arising under federal law, *see id.*, the Court has no basis for federal question jurisdiction pursuant to § 1331 and should not continue to exercise supplemental jurisdiction over the remaining state law claims. Docket No. 14 at 8. Defendant opposes plaintiff's motion.

**I. ANALYSIS**

Section 1447(c) of Title 28 provides, in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." However, it does not follow that the dismissal of all federal claims giving rise to § 1331 jurisdiction mandates a remand of state law claims properly in federal court pursuant to § 1367. Rather, when all federal claims giving rise to jurisdiction pursuant to § 1331 are dismissed, "the District Court retain[s] its statutory supplemental jurisdiction over the state-law claims." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009). A remand in that instance "is not based on a 'lack of subject matter jurisdiction,'" but on the Court's "discretionary choice not to hear the claims despite its subject-matter jurisdiction over them." *Id.* at 641-42 (quoting § 1447(c)); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988) (affirming remand of state law claims after plaintiff amended complaint to eliminate sole federal law claim). "[T]he animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand when the exercise of pendent jurisdiction is inappropriate." *Carnegie-Mellon*, 484 U.S. at 351.

Defendants incorrectly argue that "where a case has been properly removed,

jurisdiction over it will not be defeated by later changes or developments in the suit." *See* Docket No 15 at 3 (quoting 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3723 (4th ed. 2008)). Section 3723 refers to removal based on diversity of citizenship; therefore, defendants' quotation of § 3723 is inapposite. Defendants also argue that, because federal law is used to interpret the CFHA, plaintiff's state law claims still arise under federal law. Docket No. 15 at 4, ¶ 6. However, the "mere need to apply federal law in a state-law claim" is not, by itself, sufficient. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). Plaintiff's Second Amended Complaint makes reference to federal law [*see* Docket No. 34 at 1, ¶¶ 3, 4], but federal law does not create plaintiff's causes of action. *See Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (setting forth requirements for establishing § 1331 jurisdiction). Thus, the Court rejects this argument.

Judicial economy, convenience, fairness, and comity must be considered when a court decides whether to exercise supplemental jurisdiction. *Id.* In the Tenth Circuit, when "the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), courts must dismiss pendent state law claims without prejudice "'absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (reversing the district court's grant of summary judgment on state law claims); *Endris v. Sheridan Cnty. Police Dep't*, 415 F. App'x 34, 36 (10th Cir. 2011) ("any state-law claims for assault and battery or mental and emotional injury were inappropriate subjects for the

exercise of pendent jurisdiction where all federal claims had been dismissed"). *But see Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 79 (10th Cir. 2011) (finding no abuse of discretion in trial court's decision to retain jurisdiction over state law claims after plaintiff voluntarily dismissed claims arising under federal law).

Turning first to considerations of judicial economy, this case is in its early stages and no substantive motions have been filed. Other than entering a Scheduling Order [Docket No. 18], the Court has not expended judicial resources in evaluating substantive legal or factual issues. Accordingly, the Court finds that a remand at this juncture would not result in a waste of judicial resources. Convenience, as plaintiff correctly points out, is a neutral factor where all parties are based in Colorado. *See* Docket No. 5 at 3-5, ¶¶ 12-26.

Fairness to the litigants is a factor that the parties dispute. Plaintiff claims that it will be prejudiced if a state court does not interpret the CFHA. Docket No. 14 at 10. Defendants argue that this Court has more experience in interpreting and applying federal authorities and that a state court may not have similar experience. Docket No. 15 at 6, ¶ 9.[1] The Court rejects both arguments. Federal courts regularly apply state law in diversity jurisdiction cases. Moreover, as both parties point out, the CFHA and the FHAA mirror one another in key respects. *See Boulder Meadows v. Saville*, 2 P.3d 131, 136 (Colo. App. 2000) ("the CFHA is almost identical to the FHAA"). Thus, the Court finds no compelling reason indicating that remand would be unfair to the litigants.

---

[1]Defendants' allegations that plaintiff is motivated by political goals or the possibility of a "Colorado show trial" are unsupported. For that reason, the Court will not consider them.

"'[N]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Brooks*, 614 F.3d at 1230 (quoting *Ball*, 54 F.3d at 669). Defendants argue that comity is not properly considered because Colorado fair housing law is based on federal fair housing law. Docket No. 15 at 6, ¶ 10. For that reason, defendants assume that the instant case, if prosecuted in Colorado courts, "will not develop Colorado [fair housing] law." *Id.* Defendants are correct that "federal cases . . . are persuasive in interpreting provisions of the CFHA." *May v. Colo. Civil Rights Comm'n*, 43 P.3d 750, 756 (Colo. App. 2002). However, whether or not an abundance of Colorado case law exists does not overcome the presumption that a state court should try its own lawsuits. Moreover, plaintiff points out that the Colorado Civil Rights Commission is a body created by Colorado statute, whose commissioners are appointed by the governor and whose duties are set forth under state law. Docket No. 14 at 11. Accordingly, the Court finds no compelling reason why Colorado courts should not hear this case.

The presence of manipulative tactics are an additional consideration where, as here, plaintiff's actions lead to the dismissal of claims over which the Court had original jurisdiction. *See Carnegie-Mellon*, 484 U.S. at 357. "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.* The Tenth Circuit has not addressed whether the amendment of a complaint deleting federal claims constitutes impermissible forum manipulation. However, other courts are generally unwilling to find that a plaintiff's

deletion of federal claims, by itself, is improper. *See, e.g.*, *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 160 (5th Cir. 2011) (holding that "motion to amend . . . complaint to delete the federal claims is not a particularly egregious form of forum manipulation, if it is manipulation at all"); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 232-33 (3rd Cir. 1995) (finding that plaintiffs' deletion of RICO claims was not dispositive forum manipulation where plaintiffs argued that discovery failed to substantiate RICO claims); *Nash v. Correct Care Solutions*, LLC, 2007 WL 3287835, at *2 (D. Kan. Nov. 6, 2007) (finding that plaintiff's motion to amend complaint to delete federal claims did not constitute forum manipulation); *Thompson v. Bama Cos., Inc.*, 2006 WL 717477, at *8 (N.D. Okla. March 20, 2006) (rejecting defendant's argument that amendment of complaint to delete federal law claims was impermissible forum manipulation). Moreover, forum manipulation is "only one of the important considerations we examine in determining whether a district court abused its discretion in failing to remand." *Enochs*, 641 F.3d at 160-61.

Both sides rely on *Payne v. Parkchester N. Condos.*, 134 F. Supp. 2d 582 (S.D.N.Y. 2001). The plaintiffs in *Payne* moved to remand seven months after removal and, even then, only sought to drop all federal claims after it was clear their original arguments for remand would fail. *Id.* at 583. The court denied plaintiffs' request to amend and motion to remand, noting that plaintiffs waited seven months before surprising defendants with their motion to remand and had no reasonable justification for deleting federal claims. *Id.* at 586. Neither situation is present in the instant case.

Plaintiff indicates that, within a week after defendants filed the notice of removal,

it expressed to defendants its intention that this case should be a state enforcement action and conferred regarding the deletion of federal claims. Docket No. 14 at 5. Defendants indicated their opposition and, shortly thereafter, plaintiff filed the instant motion. *Id.* at 6. As both sides repeatedly point out, Colorado and federal fair housing laws closely mirror one another. *See May*, 43 P.3d at 756. Therefore, plaintiff's decision to originally include federal claims does not appear improper or intended solely to put defendants through the removal/remand procedures. *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 n.3 (9th Cir. 1995) (expressing concern over plaintiffs who act in bad faith or include federal claims for an improper purpose). Accordingly, the Court finds no indication that plaintiff acted in bad faith in seeking to amend its complaint to delete federal claims and move for remand. Moreover, assuming, without deciding, that the mere deletion of federal claims constitutes improper forum manipulation, it is but one consideration for the Court in its decision to exercise supplemental jurisdiction. *See Carnegie-Mellon*, 484 U.S. at 357 ("district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims"). Accordingly, the Court finds judicial economy and comity weigh heavily in favor of remand. Thus, in the absence of compelling reasons to retain jurisdiction over plaintiff's state law claims, the Court will remand this action.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Remand [Docket No. 14] is **GRANTED** and

this case is remanded pursuant to 28 U.S.C. § 1447(c) to the District Court of the City and County of Denver, Colorado where it was filed as Case No. 2013CV33659.

DATED December 30, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge